U.S.C.A. — 7th Circuit
RECEIVED
MAY 18 2026

26-cv-481-wmc

NO._____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

WAGNER ENRIQUE LANON QUINTERO

Petitioner,

Versus

E. EMMERICH, WARDEN,

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

ORIGINAL "EMERGENCY APPLICATION TO THE HONORABLE CIRCUIT JUDGE  MICHAEL Y. SCUDDER SEEKING WRIT OF HABEAS CORPUS, PURSUANT TO 28 U.S.C. §2241(a) AND ARTICLE I, SECTION 9, CLAUSE 2 OF THE UNITED STATES CONSTITUTION; IN THE INTEREST OF JUSTICE AND JUDICIAL ECONOMY

Wagner E. Lanon Quintero
BOP Reg. No. 71893-018
Federal Correctional Institution
Post Office Box 1000
Oxford, Wisconsin 53952

PETITION'S TABLE OF CONTENTS

Table of Contents ..................................................ii

Table of Authority ...............................................iii

Background .........................................................2

Preliminary Statement ..............................................3

Statement of Jurisdiction ..........................................4

Statement of the Issues ............................................5

Required §2242 Statement of Reasons ................................6

    Reason One: The "Emergency" Nature of Imminent Irreparable Harm
    Counsels in Favor Of Your Honor Accepting Jurisdiction to Prevent
    Further Injustice................................................ 6

    Reason Two: A Prior Order Issued By Your Honor, Empaneled, Along
    With the Developments Thereafter, Are Directly Relevant, and
    Possibly Determinative, to the Legality of the Challeged Issues
    Herein; Making Your Honor the Uniquely Appropriate and
    Institutionally Correct Forum.................................... 7

    Reason Three: Lanon Has Already Made Application to the District
    Court, Whom Has Fully and Explicitly Expressed Its Settled Position
    on the Precise Legal Question Presented; Suggesting that Application
    be Made Here Instead............................................9

    Reason Four: The Legal Questions Presented Are Novel At The Circuit
    Level and Recently Before a Panel of the Seventh Circuit; Evincing
    the Significant Nature Requiring Your Honor's Engagement...........11

Requested Relief...................................................13

Declaration.......................................................13

Alternative Transfer Relief.......................................13

## TABLE OF AUTHORITIES

### CASES

Chapman v. Teets,
241 F.2d 186 (9th Cir. 1957)..................................................10

Cuero v. Dep't of Homeland Sec.,
2025 US Dist. LEXIS 158069 (W.D. Wis.)........................................9

Edah v. ICE, et al,
3:25-cv-577 (W.D. Wis.)......................................................7

Edah v. ICE, et al,
25-2562 (7th Cir.)........................................................ passim

Espinal v. Dep't of Homeland Sec.,
3:25-cv-586 (W.D. Wis.)......................................................12

Herrera v. Dep't of Homeland Sec.,
3:25-cv-584 (W.D. Wis.)......................................................7

Herrera v. Dep't of Homeland Sec.,
25-2520 (7th Cir.)......................................................passim

In re Gersing,
145 F.2d 481 (D.C. Cir. 1944)...............................................10

Joya v. Dep't of Homeland Sec.,
2025 US Dist. LEXIS 173658 (W.D. Wis.).......................................9

Khan v. Holder,
608 F.3d 325 (7th Cir. 2010)................................................12

Lima v. Emmerich,
2025 US Dist. LEXIS 130067 (W.D. Wis.).......................................9

Loza v. Dep't of Homeland Sec.,
3:25-cv-656 (W.D. Wis.)......................................................12

Mero-Anchundia v. Dep't of Homeland Sec.,
2025 US Dist. LEXIS 186639 (W.D. Wis.).......................................9

Ojeda Rios v. Wigen,
863 F.2d 196 (2d Cir. 1988)..................................................8

Rumsfeld v. Padilla,
542 US 426 (2004)......................................................... 4-5

## U.S. CONSTITUTION

Suspension Clause, U.S. Const. Art. I, § 9, cl. 2.............................1, 5

## STATUTES

8 U.S.C. § 1182(d)(5)...................................................6

8 U.S.C. § 1225(b)(1).............................................passim

8 U.S.C. § 1252(a)(2)(A).......................................... 6, 11

8 U.S.C. § 1252(a)(2)(A)(i)......................................... 5

8 U.S.C. § 1252(a)(2)(D)........................................... 12

8 U.S.C. § 1252(a)(5)........................................ ......2, 12

8 U.S.C. § 1252(e)(2)............................................. passim

18 U.S.C. § 3632.................................................. 11

18 U.S.C. § 3632(d)(4)(E)(i)...................................... 11

28 U.S.C. § 1651(a)................................................5

28 U.S.C. § 2241..................................................10

28 U.S.C. § 2241(a)...........................................passim

28 U.S.C. § 2241(b).............................................. 4

28 U.S.C. § 2242..............................................4, 6

28 U.S.C. § 2253..................................................10

## RULES

Fed. R. App. P. 22(a), Adv. N.................................. 4, 10

## OTHER AUTHORITIES

Illegal Immigration Reform and Immgr. Resp. Act,
    Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996)..................... 11

First Step Act,
    Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018)...........................11

PETITION                                iv

No._____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

_____

WAGNER ENRIQUE LANON QUINTERO

Petitioner,

Versus

E. EMMERICH, WARDEN,

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

_____

ORIGINAL "EMERGENCY" APPLICATION TO THE HONORABLE CIRCUIT JUDGE MICHAEL Y. SCUDDER
SEEKING WRIT OF HABEAS CORPUS, PURSUANT TO 28 U.S.C. §2241(a) AND ARTICLE I,
SECTION 9,  CLAUSE 2 OF THE UNITED STATES CONSTITUTION; IN THE INTEREST OF JUSTICE
AND JUDICIAL ECONOMY

_____

Pro Se Petitioner, Wagner E. "Lanon" Quintero, a federal prisoner currently confined at the Bureau's Federal Correctional Institution in Oxford, Wisconsin, which is within the territorial jurisdiction of the Seventh CIrcuit, respectfully petitions the Honorable Michael Y. Scudder     acting in chambers pursuant to 28 U.S.C. §2241(a), for an "EMERGENCY" writ of Habeas Corpus. However, because of the statutory provisions which frustrate-any-courts' jurisdiction to adjudicate the underlying issues contained herein, Petitioner thus seeks habeas relief under the scope of the "Suspension Clause" of the United States Constitution's Article I, Section 9, Clause2.

PETITION                                    -1-

## BACKGROUND

Petitioner is a non-citizen whom has neither been admitted, nor sought admission into the United States; he was extradited and/or involuntary paroled into the U.S. for prosecution under 8 USC §1182(d)(5)(A). Petitioner was subsequently convicted and sentenced to a term of imprisonment. While serving his prison term, Immigration and Customs Enforcement (ICE) Officials issued against Petitioner, an unlawful expidited order of removal under 8 USC §1225(b)(1). By operation of the illegal order, Petitioner was denied the ability to apply his earned First Step Act Time Credits (FTCs). See 18 USC §3632(d)(4)(E)(i) (prohibiting prisoners with final orders of removal from applying earned FTCs).

Petitioner contends that he has been unlawfully disqualified to apply his FTCs and if nothing changes he will be unlawfully detained for at least 12 months beyond of what otherwise would be his release date. Because the predicated final order of removal has been issued in disregard of applicable law and Petitioner's constitutional rights. The statute under which the order was issued [8 USC §1225(b)(1)] states that paroled aliens, such as Petitioner, are not subject to expedited removal. See §1225 (b)(1) (specifying the inspection of arriving aliens and expressively excluding from expedited removal aliens who had been admitted or paroled). See also, §1225 (b)(1)(A)(iii)(II) (describing category of other certain aliens subjected to expedited removal and stating that admitted or paroled aliens are not within such category).

Petitioner seeks prompt intervention by Your Honor because his sentence has been unlawfully extended by at least 12 months. He presents a core habeas challenge becasue a favorable ruling would entitled him to IMMEDIATE RELEASE. The predicate final order of removal is unlawful and so is the execution (extension) of his sentence. Your Honor is not only authorized to intervein promptly but, actually required to do so under statutory provisions. See 28 USC §2243 (requiring prompt attention and resolution of habeas petitions). Notwithstanding, section 1657 of title 28 would also compel expeditious proceedings. See §1657(a) (providing that the court shall expedite the consideration of any action brought under chapter 153 [habeas corpus]...if good cause is shown). Petitioner has requested relief in the district court which dismissed his petition refusing to address validity of the final order:

> "Any challenge to the validity of a removal order is precluded by the REAL ID Act, which eliminates review under 28 USC §2241; rather a petition for review with the court of appeals for the judicial circuit [] "shall be the sole and exclusive means of judicial review." **See Appendix 1.**

PRELIMINARY STATEMENT

The main issues facing the Honorable **Scudder**  in this habeas application, no doubt, boils down to two straightforward questions involving venue and jurisdiction:

(1)  Whether venue for this application is proper and acceptable before Your Honor considering:

(a) the  "EMERGENCY" nature of imminent irreparable harm which would result if Your Honor decided not to accept jurisdiction;

(b) a prior court order issued from a panel in which Your Honor **participated** in; along with the developments thereafter which are directly relevant (and possibly determinative) to the legality of the challenged issues herein;

(c) the fact that the district court has fully expressed/settled its position on the precise legal question presented, which renders further district court proceedings a nullity; and

(d) The Novel and significant nature of the legal question **presented** which is ripe for authoritative circuit engagement; and

(2) whether a jurisdiction stripping statute should be allowed to effectively insulate ICE Officials' illegal practices which offend constitutional protections and force inmates to spend longer in prison than Congress intended.

Petitioner is applying for writ of habeas corpus directly with Your Honor Pursuant

PETITION                                    -3-

to the express authority of 28 U.S.C. § 2241(a). Section 2241(a) grants individual circuit judges original habeas jurisdiction within their respective circuit. Notwithstanding, section 2241(b) also "authorizes a circuit judge to decline to entertain an application and to transfer it to the appropriate district court, and this is the usual practice." Fed. R. App. 22(a) Advisory Comm. Note (interpreting RULE 22(a)'s mandatory language as not absolute, but discretionary). For this reason, section 2242 requires a petitioner whom presents his petition directly to a circuit judge to "state the reasons for not making application to the district court of the district in which the applicant is held." 28 U.S.C. § 2242 (in part). Said another way, a circuit judge's decision to hear a §2241 petition rather than transfer it is a discretionary one, not a jurisdictional one; the circuit judge can accept jurisdiction if he or she is satisfied with the reasons the petitioner presents concerning why he is not making application to the district court.

Petitioner's reasons are fully set forth in his Statement of Reasons below. These reasons are substantial, non-pretextual, and compelled by the unique intersection of **four** independant factors set out above and fully explained below.

## STATEMENT OF JURISDICTION

The Honorable **Scudder** has discretionary jurisdiction over this petition pursuant to 28 U.S.C. § 2241(a), which provides that writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district court and a circuit judge within their respective jurisdiction." The Honorable Scudder is a circuit judge of the United States Court of Appeals for the Seventh Circuit. Lanon is confined at the Federal Correctional Institution in Oxford, Wisconsin, which lies within the territorial jurisdiction of the Seventh Circuit. The jurisdictional predicate, that the petition be filed "within [the judge's] respective jurisdiction" is therefore satisfied. The Respondent, Warden E. Emmerich, is the Officer with immediate legal custody of **Lanon** and is the proper respondent in this habeas proceeding. Rumsfeld v.

PETITION                                    -4-

Padilla, 542 US 426, 434-35 (2004). In the alternative, Your Honor has supplemental jurisdiction under 28 U.S.C. § 1651(a), the All Writs Act, which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Finally, because this petition presents a supplemental "core issue," i.e., the legality of a removal order issued by ICE Officials which is affecting Lanon's imminent release from prison; and which such removal order's review is insulated by statute (8 U.S.C. § 1252(a)(2)(A)(i) & (e)(2)), Your Honor has additional jurisdiction under Article I, Section 9, Clause 2, i.e., the "Suspension Clause" of the United States Constitution.

## STATEMENT OF THE ISSUES

Lanon is being erroneously denied the ability to apply his earned FSA credits due to the illegally imposed expedited removal order issued under 8 U.S.C. § 1225(b)(1). Notwithstanding, 8 U.S.C. § 1252(a)(2)(A)(i) & (e)(2) effectively insulates the illegal removal order from judicial or habeas review in any meaningful manner. See §1252(a)(2)(A)(i) (providing that "no court shall have jurisdiction to review ... any individual determination or operation of an order of removal pursuant to ... §1225(b)(1)); see also, §1252(e)(2) (limiting habeas review to 3-meaningless, as applied, issues). Because there will be no doubt concerning Lanon imminent release absent the illegal removal order, Your Honor need only resolve three issues; two of which the government has already implicitly conceded to in two consolidated appellate cases in which Your Honor **recently presided** over:[1]

> Issue One:  Whether Lanon's Current Confinement Is Being Unconstitutionally Extended Because Of An Unlawfully Imposed Final Order Of Removal.

---

1). Your Honor **recently presided** over Edah v. ICE, et al, 25-2562 and Herrera v. U.S. Dep't of Homeland Sec., 25-2520; in which both cases raise substantially the same issues in which the government's actions implicitly concedes to two.

PETITION                              -5-

**Issue Two:** Whether The Jurisdiction-Stripping Provisions Of 8 U.S.C. § 1252(a)(2)(A) Effectively Insulate ICE Officials' Illegal Imposition Of Final Orders Of Removal From Judicial or Habeas Review In Violation Of The United States Constitution's Suspension Clause; As Applied To *Lanon.*

**Issue Three:** Whether An Alien Whom Was Extradicted Or Involuntarily Paroled Into The United States Under 8 U.S.C. § 1182(d)(5) Could Be Sublected To Any Removal Proceedings Before He Is Afforded A Reasonable Opportunity To Depart Voluntarily.

These are the overarching questions involved in the ultimate merits of this Petition in which **Lanon** endeavors herein to develop. However, **Lanon** is faced with a much more difficult task; convincing Your Honor to accept original habeas jurisdiction.

### SECTION 2242 REQUIRED STATEMENT OF REASONS

Section 2242 of Title 28 requires that, when a habeas corpus petition is addressed to a circuit judge, the petition "shall state the reasons for not making application to the district court of the district in which the applicant is held." **Lanon** respectfully presents the following four independant reasons, each of which, standing alone, justifies direct circuit-level filing, and which collectively present an overwhelming case for Your Honor's exercise of **your** §2241(a) jurisdiction.

### REASON ONE: THE "EMERGENCY" NATURE OF IMMINENT IRREPARABLE HARM COUNSELS IN FAVOR OF YOUR HONOR ACCEPTING JURISDICTION TO PREVENT FURTHER INJUSTICE

*Lanon* presents a genuine "EMERGENCY" issue here; by the time Your Honor begins to entertain this petition, Wagner E. **Lanon** 's    release date will be in the rearview mirror and his days of irreparable harm will be accumulating. This petition, as well as actions by the government in other substantially similar cases recently before Your Honor will evince that the Expedited Removal Order issued against is illegal and affecting his imminent release. See, e.g., <u>Edah v. Immigration, et al</u>, 25-2562 and <u>Herrera v. Dep't of Homeland Sec.</u>, 25-2520 (7th Cir. 2025). Certainly, after their actions in Edah and <u>Herrera</u>, the government will not contend that this expedited removal order is legal in any kind of manner. Thus, requiring **Lanon** to seek redress in any other kind of manner would cause him undue harm which could never be remedied.

### REASON TWO: A PRIOR ORDER ISSUED BY YOUR HONOR, EMPANELED, ALONG WITH THE DEVELOPMENTS THEREAFTER, ARE DIRECTLY RELEVANT, AND POSSIBLY DETERMINATIVE, TO THE LEGALITY OF THE CHALLENGED ISSUES HEREIN; MAKING YOUR HONOR THE UNIQUELY APPROPRIATE AND INSTITUTIONALLY CORRECT FORUM

This is not a case in which a petitioner has manufactured a tangential connection to a circuit judge's prior work in order to forum-select a favorable adjudicator. This is a case in which a prior court order issued in two extremely similar consolidated cases from a panel in which Your Honor **participated** in; along with the developments thereafter, is directly relevant and an operative persuasive legal source from which the claims of illegal confinement flows. See Edah & Herrera, supra.

**Lanon's** current confinement is alleged to be unlawful precisely because of an expedited removal order which ICE Officials illegally placed on him which is effectively precluding him from applying 365-days of earned FSA sentence reduction credits. Edah and Herrera brought substantially similar claims[2] before the same district court as **Lanon** See Edah v. Immigration, et al, 3:25-cv-577 and Herrera v. Dep't of Homeland Sec., 3:24-cv-584 (W.D. Wis.). The district court similarly dismissed their petitions and they appealed to the Seventh Circuit. After initial briefing ended (neither respondent filed resistant briefs), a panel in which Your Honor **sat** issued an ORDER, consolidating these cases and stating: "[a]fter reviewing the petitioners' briefs [ ], the court has determined that it would benefit from additional briefing and oral argument." Edah, 25-2562 & Herrerea, 25-2520 (7th Cir. Dec. 17, 2025). The Court further provided that, "[b]y seperate order the court will recruit counsel for petitioners." Id.

Attorney Jessica Dawgert subsequently accepted recruitment and entered her appearance in the case. Id. at (7th Cir. Jan. 6, 2026). As ordered, Ms. Dawgert timely filed the appellants' brief, largely arguing that the appellants' claims are proper in habeas, and that the Suspension Clause requires the Court to consider their

---

2). **Lanon** differs only in that he did not raise the Suspension Clause issue.

PETITION                                    -7-

claims regarding whether they are entitled to a speedier release. Id. at (7th Cir. Feb. 2, 2026); pp. 21-32. Ms. Dawgert further argued that appellants were both eligible for application of their FSA credits because their expedited removal orders were unlawfully issued. Id. at pp. 32-40. The government did not resist these claims; instead, the government implicitly agreed with Ms. Dawgert and appellants by voiding their challenged removal orders and filing a motion seeking for the appeals to be dismissed as moot. Id. at (7th Cir. Mar. 16, 2026).

The government's actions in Edah and Herrera compel the conclusion that removal order is also illegal and affecting his imminent release;[3] by its actions, the government implicitly acknowledged its illegal practice. This prior order, and the developments thereafter, are not a peripheral or convenient fact. It is the substantial foundation for Your Honor to consent to the jurisdiction provided to Your Honor by §2241(a). The legal questions which this petition asks Your Honor to resolve are, in essence, the same questions Your Honor is **endeavored** to resolve in Edah and Herrera. Aside from Your Honor's colleagues empaneled with Your Honor in those cases, no other judge is more qualified to answer these questions. No judge is more qualified to determine the scope, intent, and correct understanding of the issues at hand.

This principle is firmly grounded in case law. In Ojeda Rios v. Wigen, Judge Jon O. Newman, sitting in chambers as an individual circuit judge pursuant to §2241 (a), entertained a habeas petition directed to him specifically because the petitioner's claim arose from a prior Second Circuit ruling in the petitioner's own case. 863 F.2d 196 (2d Cir. 1988). The opinion acknowledged, without reservation, that the procedure of filing a habeas petition directly with a named judge in chambers is a recognized and legitimate exercise of the authority conferred by §2241(a). Id.  While **Lanon's** claims do not arise from a prior ruling from his own

---

3).  After the government removed the illegal removal order, Edah was release from prison and transferred to ICE's custody. Edah, ECF Nos. 25-1, 27.

PETITION                                        -8-

case; the unique developments before Your Honor renders no other judge more qualified to address the issue. Notwithstanding, considering the fact that the district court has already rendered its decision and refuses to entertain these type of petitions on a flawed want of jurisdiction holding, if Your Honor does not hear this case, **Lanon** will have no adequate forum to avail himself from this illegal confinement; as Edah was successfully able to do.

## REASON THREE: LANON HAS ALREADY MADE APPLICATION TO THE DISTRICT COURT, WHOM HAS FULLY AND EXPLICITLY EXPRESSED ITS SETTLED POSITION ON THE PRECISE LEGAL QUESTION PRESENTED; SUGGESTING THAT APPLICATION BE MADE HERE INSTEAD

**Lanon's** third independant reason for not presenting the instant application to the district court is a simple one, he already has and the court has fully and explicitly expressed its settled position; not only in **lanon's** case, but in numerous cases presented to it. See Appendix No. **1**; see also, e.g., <u>Lima v. Emmerich</u>, 2025 US Dist. LEXIS 130067 (W.D. Wis. July 7, 2025); <u>Cuero v. Dep't of Homeland Sec.</u>, 2025 US Dist. LEXIS 158069 (W.D. Wis. Aug. 14, 2025); <u>Joya v. Dep't of Homeland Sec.</u>, 2025 US Dist. LEXIS 173658 (W.D. Wis. Sept. 2025); and <u>Mero-Anchundia</u>, 2025 US Dist. LEXIS 186639 (Sept. 22, 2025). In all these cases (and many more), the district court carefully considered the legal question; and simply held, without assistance from the government attorney, that it did not have jurisdiction. Appendix No. **1**. However, in all cited cases, the district court held, as it did in **Lanon's** cases, that the only court with jurisdiction to adjudicate these claims was the court of appeals. Id. (see all cited cases).

The exhaustion requirement in habeas proceedings serves a specific institutional purpose: to ensure that the court of ordinary jurisdiction has the first opportunity to deliberate upon, develop a factual and legal record on, and issue a reasoned decision regarding the habeas claim. That purpose is served when the court of ordinary jurisdiction has actually been presented with that opportunity, as it has here, regardless of whether it decides to pass upon them or summarily dismisses them; the key

PETITION    -9-

word is "opportunity," which the district court has been afforded numerous times. Notwithstanding, the district court, itself, implicitly suggested that the proper remedy was the re-filing of the petition with the **appellate** court. See Appendix No. **1** (providing that, "[g]enerally, only the court of appeals has jurisdiction to review final orders or removal").

While "Title 28 U.S.C. § 2253 seems clearly to contemplate that once an application is presented to a district judge and is denied by him, the remedy is an appeal from the order of denial[;] [t]he language of §2241 seems to authorize a second original application to a circuit judge following a denial by a district judge." Fed. R. App. P. 22(a), Advisory Comm. Note (citing In re Gersing, 145 F.2d 481 (D.C. Cir. 1944) and Chapman v. Teets, 241 F.2d 186 (9th Cir. 1957) (acknowledging the availability of such procedure). However, there is a stark difference from appellate jurisdiction and exclusive original habeas jurisdiction. Appellate jurisdiction from the denial of habeas relief is confined to the review of the correctness of the district court's opinion substantiating its order. The district court here did not deny **Lanon** relief on the merits; it dismissed the case for want of jurisdiction; essentially advising **Lanon** that the appeals court maitains exclusive jurisdiction over his claims.

However, §2241(a) does not provide appellate courts with habeas jurisdiction. King Sang Chow v. INS, 113 F.3d 659, 669 n.5 (1997) (holding that "a court of appeals has no jurisdiction to grant an original writ of habeas corpus"). Congress granted this authority, not to appellate courts, but to their circuit judges; essentially providing these judges authority to grant the writ of habeas corpus in chambers. §2241(a). While these judges are allowed to grant the writ in chambers, their order "shall be entered in the records of the district court of the district wherein the restraint complained of is had." §2241(a). Therefore, the district court has invited/suggested Your Honor to accept original jurisdiction here; a transfer would certainly not be in the interest of judicial economy.

PETITION                                    -10-

**REASON FOUR: THE LEGAL QUESTIONS PRESENTED ARE NOVEL AT THE CIRCUIT LEVEL AND RECENTLY BEFORE A PANEL OF THE SEVENTH CIRCUIT; EVINCING THE SIGNIFICANT NATURE REQUIRING YOUR HONOR'S ENGAGEMENT**

The fourth and final reason for presenting this application directly with Your Honor revolves around the fact that this novel issue is **recently** before Your Honor. In its enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRA"), Congress set forth a clear plan to divest federal courts of power to review agency decisions through the writ of habeas corpus except in the most narrow of circumstances. See Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). The IIRA is the birth of the language we find today in Title 8 U.S.C. §1252(a)(2)(A) & (e)(2) which strips-all federal courts-of jurisdiction to review the legality of the imposition of an expedited removal order issued under §1225(b)(1). See §1252(a)(2)(A) (precluding all federal courts jurisdiction, habeas or otherwise, to review "any individual determination or to entertain any other cause or claim arising from or related to the implementation or operation of an order of removal pursuant to" §1225(b)(1)); see also, §1252(e)(2) (precluding habeas review in all but 3-meaningless, as applied, issues).

When Congress enacted the IIRA, it envisioned §1252(e)(2) to be a suitable substitute for its jurisdiction stripping provision in §1252(a)(2)(A); however, it did not take account, reasonably so, how and when an expedited removal order (even if illegally issued) could ever keep an alien detained longer than the law required. Said differently, how the expedited removal order could do anything but immediately expel the alien from the country. Nearly thirty-years post-IIRA, Your Honor is presented with a unique scenario which the 110th Congress never could have envisioned, i.e., the enactment of Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), coined "The First Step Act" ("FSA"). Through the FSA, Congress promulgated 18 U.S.C. § 3632 which created a sentence reduction device for inmates; but precluded application thereof to aliens whom are "the subject of a final order of removal under any provision of the immigration laws[.]" §3632(d)(4)(E)(i).

PETITION                                    -11-

Therefore, because **Lanon** contends that the removal order issued under §1225(b)(1) is illegal and affecting his imminent release, §1252(a)(2)(A) & (e)(2), which precludes the review he seeks, has effectively, as applied, suspended the writ of habeas corpus. This is a significant and novel issue. To date, Congress has not created an adequate and effective substitute collateral remedy post-FSA where an inmate could contest the lawfulness of the extra restaint imposed by the expedited removal order. The district court, even today, continues to struggle with this issue. See Loza v. Dep't of Homeland Sec., 25-cv-656; and Espinal v. Dep't of Homeland Sec., 25-cv-586 (W.D. Wis. Mar. 20, 2026) (attached hereto as Appendix No. 3 & 4). In Loza and Espinal, the district court held that, "[t]o avoid Suspension Clause problems, the REAL ID Act permits judicial review in the federal courts of appeals over 'constutional claims or questions of laws.'" Id. at pg. 4, respectively (citing §1252(a)(2)(D)); see also, id. at pg. 5 ("Thus, the jurisdictional limitation imposed by the REAL ID Act does not violate the Suspension Clause because a petition for review under §1252(a)(5) is 'an adequate substitute for habeas proceedings.'") (citations omitted).

The district court's former finding ignores the fact that the Seventh Circuit's opinion in Khan v. Holder, specifically held that §1252(a)(2)(D) explicitly provides that it does not apply to the restrictions of §1252(a)(2)(A) or (e)(2). 608 F.3d 325, 328-29 (7th Cir. 2010). The same goes for the district court's latter position; §1252(a)(5), much like §1252(a)(2)(D), explicitly precludes itself from expedited removal orders issued under §1225(b)(1). See §1252(a)(5) (exempting subsection (e) from its application). Said another way, the issue appears too complex for the district court and Your Honor must accept jurisdiction; IN THE INTEREST OF JUSTICE AND JUDICIAL ECONOMY.

## REQUESTED RELIEF

Based on the foregoing, **Lanon** respectfully requests that Your Honor find that the expedited order of removal issued against **Lanon** be declared illegal, i.e., void ab initio; and by operation thereof, ORDER the Warden to, without delay, apply **Lanon's** earned FSA credits and immidiately release him from incarceration. Furthermore, **Lanon** also seeks a restraining ORDER against ICE Official, requiring them to restrain from arresting **Lanon** and commencing removal proceeding before first providing him a fair and reasonable opportunity to depart voluntarily.

Respectfully Submitted,

*Wayne Lanon Quintero*
Wagner E. Lanon Quintero
Reg. No. 71893-018

Federal Correctional Institution
Post Office Box 1000
Oxford, Wisconsin 53952

## DECLARATION

I, **Wagner E. Lanon** do hereby declare under penalty of perjury, that the foregoing is true, correct, and complete to the best of my knowledge and belief.

EXECUTED ON   5/13/2026.

*Wagner Lanon Quintero*
Wagner E. Lanon Quintero

PETITION                        -13-